IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                      )
ALICE PEAK                            )
1397 Congress St. SE, Apt. 4          )
Washington, DC  20032,                )
                         Plaintiff,   )
                                      )
v.                                    )
                                      )
DISTRICT OF COLUMBIA                  )
One Judiciary Square                  )
441 Fourth Street, NW                 )
Washington, DC  20001,                )
                         Defendant.   )
_____)
```

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Alice Peak, on behalf of her minor ward, R.P., and through undersigned counsel, for her complaint herein alleges as follows:

**INTRODUCTION**

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461, as that law existed prior to July 1, 2005. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools ("DCPS") (1) to fund current, independent evaluations of R.P., including a psychoeducational evaluation, speech and language evaluation and a functional behavioral assessment; (2) to review and revise R.P.'s Individualized Education Program ("IEP") based on the results of these evaluations; (3) to review and revise R.P.'s IEP to reflect all her existing disabilities, including ADHD; and (4) to provide R.P. with compensatory education for all prior deficiencies in her free appropriate public education ("FAPE").

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. The Plaintiff has participated in an impartial administrative hearing conducted by the DCPS Office of Management Services. The Hearing Officer did not grant the relief requested in this complaint.

## PARTIES

4. Alice Peak is the adult grandmother and guardian of R.P., a ten-year-old girl born on May 10, 1995. Ms. Peak and R.P. reside together in Washington, DC.

5. The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

## FACTS

6. DCPS is an agency of the District of Columbia.

7. Prior to March 23, 2005, DCPS had classified R.P. as a mentally retarded ("MR") and other health impaired ("OHI") child.

8. On March 23, 2005, DCPS reviewed and revised R.P.'s IEP.

9. The revised IEP included a prior notice.

10. This prior notice changed R.P.'s disability classification to MR, OHI, and emotionally disturbed ("ED") and recommended a change in her then-current placement, Thomas Elementary School ("Thomas E.S.").

11. DCPS first placed R.P. at Thomas E.S. in September of 2004.

12. Prior to September of 2004, DPCS had placed R.P. at Malcolm X Elementary School ("Malcolm X E.S."), her local public school.

13. Malcolm X Elementary E.S. was never an appropriate placement for R.P..

14. Thomas E.S. was never an appropriate placement for R.P..

15. On April 30, 2002, DCPS completed a psychoeducational evaluation of R.P..

16. DCPS has never completed another pyschoeducational evaluation of R.P..

17. On May 2, 2002, DCPS completed a speech and language evaluation of R.P..

18. DCPS has never completed another speech and language evaluation of R.P..

19. On March 23 and May 23 of 2005, DCPS incorporated identical behavior intervention plans into R.P.'s existing IEP.

20. DCPS has never completed a functional behavioral assessment of R.P..

21. DCPS cannot develop an appropriate IEP with a behavior intervention plan until a functional behavioral assessment of R.P. is completed.

22. R.P. has ADHD.

23. DCPS has never developed an IEP reflecting R.P.'s diagnosis as ADHD.

### COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

24. The allegations of Paragraphs 1-23 above are incorporated herein as if repeated verbatim.

25. The Individuals with Disabilities Education Act ("IDEA") requires the Defendant to provide all children with disabilities in their jurisdiction free appropriate public education ("FAPE").

26. DCPS's failure (1) to provide R.P. with an appropriate placement prior to the current school year, 2005-2006; (2) to complete current pyschoeducational and speech and language evaluations of R.P. and to develop an appropriate IEP based on these evaluations; (3) to

complete a functional behavioral assessment of R.P. prior to developing an IEP with a behavior intervention plan; (4) to develop an IEP reflecting R.P.'s diagnosis as ADHD; and (5) to provide her with compensatory education for the aforesaid deficiencies has denied and continues to deny R.P. her right to a FAPE under the IDEA.

27.    As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

### COUNT II: FAILURE TO EVALUATE IN ALL AREAS OF SUSPECTED DISABILITY

28.    The allegations of Paragraphs 1-27 above are incorporated herein as if repeated verbatim.

29.    Section 1414(a)(1) of the IDEA requires the Defendant to conduct an initial evaluation of each child in all areas of suspected disability.

30.    DCPS has violated and continues to violate Section 1414(a)(1) of the IDEA by failing to complete a functional behavioral assessment of R.P..

31.    As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

### COUNT III: FAILURE TO RE-EVALUATE IN ALL AREAS OF SUSPECTED DISABILITY

32.    The allegations of Paragraphs 1-31 above are incorporated herein as if repeated verbatim.

33.    Section 1414(a)(2) of the IDEA requires the Defendant to re-evaluate each child in all areas of suspected disability on at least a triennial basis.

34.    DCPS has violated and continues to violate Section 1414(a)(2) of the IDEA by failing to complete current pyschoeducational and speech and language evaluations of R.P. and to complete a functional behavior assessment of R.P..

35.     As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

### COUNT IV: FAILURE TO DEVELOP AN APPROPRIATE IEP

36.     The allegations of Paragraphs 1-35 above are incorporated herein as if repeated verbatim.

37.     Section 1414(d) of the IDEA requires DCPS to develop an appropriate IEP based on adequate evaluations in all areas of suspected disability.

38.     DCPS has violated and continues to violate Section 1414(d) of the IDEA by failing to develop an appropriate IEP based on a completed functional behavioral assessment of R.P. and current psychoeducational and speech and language evaluations of R.P..

39.     As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) issue an injunction ordering DCPS to fund independent evaluations of R.P., including a psychoeducational evaluation, a speech and language evaluation and a functional behavioral assessment, to review and revise R.P.'s IEP based on the results of these evaluations, to review and revise R.P.'s IEP to reflect all her existing disabilities, including ADHD, and to provide R.P. with compensatory education for all prior deficiencies in her FAPE;

2) award the Plaintiff's attorneys' fees and costs of this action;

3) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038