**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| ALICE PEAK, | ) |
|          Plaintiff, | ) |
| | )    **Civil Action No. 05-1928** |
| v. | )    **RMU** |
| | ) |
| DISTRICT OF COLUMBIA | ) |
|          Defendant. | ) |

_____)

## REPORT OF PARTIES UNDER LOCAL RULE 16.3

**Plaintiff's Statement of the Case and its Bases**

     The Plaintiff seeks injunctive relief under the federal Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* as that law existed prior to July 1, 2005. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools ("DCPS") (1) to fund current, independent evaluations of R.P., including a psychoeducational evaluation, speech and language evaluation and a functional behavioral assessment; (2) to review and revise R.P.'s Individualized Education Program ("IEP") based on the results of these evaluations; (3) to review and revise R.P.'s IEP to reflect all of her existing disabilities, including ADHD; and (4) to provide R.P. with compensatory education for all prior deficiencies in her free appropriate public education ("FAPE").

     In her administrative complaint and at the administrative hearing, the Plaintiff requested a new school placement for R.P., a new IEP, compensatory education, and funding for several evaluations, including a clinical psychological evaluation, a psychoeducational evaluation, a speech and language evaluation, an occupational therapy evaluation, a social history, and a functional behavioral assessment.

     At the administrative hearing in this case, the Defendant bore the burden of proof

1

by District of Columbia regulation. The Hearing Officer found that "DCPS [had] denied a FAPE to the student" and awarded the Plaintiff a private school placement for R.P. The Hearing Officer also found that DCPS had conducted an adequate clinical psychological evaluation. However, the Hearing Officer denied the Plaintiff's request for the several other evaluations without any discussion at all in the order, and similarly failed to order a meeting to develop a new IEP and to determine compensatory education, without any discussion of those issues.

Accordingly, the Plaintiff has brought her complaint in this Court to obtain funding for necessary evaluations and an order that DCPS develop a new IEP and a compensatory education plan for R.P.

## Defendant's Statement of the Case and its Bases

This is an appeal of a hearing officer's decision, brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461. Plaintiff's alleged that DCPS had failed to perform a proper clinical evaluation of R.P. and failing to propose an appropriate placement for R.P. The hearing officer found that the clinical evaluation was appropriate. Therefore, the HOD's conclusion that R.P. had not been denied FAPE was lawful and proper.

## Parties' Proposed Schedule

The Parties have conferred regarding scheduling, and state as follows:

1.    The Parties expect the case to be resolved by dispositive motion.

2.    The Parties have not as yet narrowed the issues in dispute, but are currently negotiating to that end.

3.      The Parties are currently discussing settlement. Some progress has been made, but

it remains unclear whether settlement is possible.

4.      The Parties do not think that this case would benefit from ADR.

5.      The Parties propose the following deadlines:

    a.  April 10, 2006 - Defendants file administrative record and transcript;
    b.  May 22, 2006 – Parties' summary judgment motions;
    c.  June 12, 2006 – Parties' oppositions;
    d.  June 26, 2006 – Parties' replies.

6.      The Parties stipulate to dispense with the requirements of Rule 26(a)(1).

7.      The Parties do not currently believe that discovery or experts will be necessary.

8.      The Parties do not recommend bifurcation.

9.      The Parties propose that all other scheduling be decided if necessary following the

resolution of the motions for summary judgment.


Respectfully submitted,


/s/ Douglas Tyrka /s/
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038



/s/ Carol Burroughs
Carol Burroughs, #415432
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W., 6th Floor South
Washington, DC  20001
(202) 724-6520