UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALICE PEAK, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1928 (RMU) |
| | : | | |
| v. | : | Document No.: | 4 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |

**MEMORANDUM OPINION**

**DENYING THE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**I.   INTRODUCTION**

This case is before the court on the plaintiff's motion for entry of default judgment. The plaintiff brings suit against the defendant pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461, alleging that the defendant has failed to provide a free appropriate public education ("FAPE") to the plaintiff's granddaughter. The plaintiff now moves the court to enter default judgment against the defendant for its failure to respond to the complaint. The defendant asserts that the plaintiff did not properly serve the defendant with the complaint. Therefore, the plaintiff brought her motion before the defendant's time to respond to the complaint had expired. Because the plaintiff's motion is procedurally improper, and because the plaintiff failed to properly serve the defendant, the court denies the plaintiff's motion.

## II. BACKGROUND

### A. Factual Background

The plaintiff is the caretaker of her 10-year-old granddaughter, R.P. Compl. ¶ 4. The District of Columbia Public School System ("DCPS") classified R.P. as mentally retarded and diagnosed her as suffering from other health impairments. *Id*. ¶ 7. On March 23, 2005, the defendant developed an Individualized Education Program ("IEP")[1] for R.P. *Id*. ¶ 8. The defendant then placed R.P. in a series of elementary schools, none of which, the plaintiff alleges, was an appropriate placement under the IDEA. *Id*. ¶¶ 11-14. The plaintiff asserts that the defendant failed to initially evaluate R.P. in areas of suspected disability, which, combined with its failure to re-evaluate her and develop an appropriate IEP, constitutes a deprivation of R.P.'s rights under the IDEA. *Id*. ¶¶ 24-39.

### B. Procedural Background

On September 29, 2005, the plaintiff filed suit in this court alleging that the defendant violated the IDEA by failing to accommodate R.P.'s mental disabilities. *Id*. ¶ 1. On October 14, 2005, the plaintiff delivered the summons and complaint to the Attorney General of D.C. Pl.'s

---

[1] An Individualized Education Program ("IEP ") "sets forth the child's educational level, performance, and goals," and it "is the governing document for all educational decisions concerning the child." *Bd. of Educ. of Cmty High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.*, 103 F.3d 545, 546 (7th Cir. 1996); see also *Spilsbury v. Dist. of Columbia*, 307 F. Supp. 2d 22, 25 (D.D.C. 2004) (stating that the IDEA requires that an IEP "include a statement of needs, services, learning aids, and programs that should be made available to the student"). Once the IEP team develops the IEP, the school system must provide an appropriate educational placement that comports with the IEP. *Spilsbury*, 307 F. Supp. 2d at 25.

2

Mot. at 1; Bolden Aff., Dec. 22, 2005. On December 23, 2005, the plaintiff moved the court to "enter a default and default judgment." *Id*. at 1.

On January 5, 2006, the defendant filed an opposition to the plaintiff's motion alleging that it never received proper service of the complaint. Def.'s Opp'n. The next day, on January 6, 2006, the plaintiff completed proper service by delivering the summons and complaint to the Office of the Mayor of D.C. Bolden Aff., Jan. 6, 2006. The defendant subsequently responded to the complaint on January 25, 2006.

### III.    ANALYSIS

#### A.    Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be

protected lest he be faced with interminable delay and continued uncertainty as to his rights."
*Jackson*, 636 F.2d at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986).

### B. The Court Denies the Plaintiff's Motion for Default Judgment

The plaintiff moves the court for default judgment under Federal Rule of Civil Procedure 55 because the defendant initially failed to respond to the complaint. Pl.'s Mot. The defendant responds to the plaintiff's motion by asserting that the plaintiff failed to properly serve the defendant pursuant to Federal Rule of Civil Procedure 4(j)(2). Def.'s Opp'n at 1. Because the plaintiff has not followed the proper procedures outlined either in Rule 55 or in Rule 4(j)(2), default judgment is inappropriate, and the court denies the plaintiff's motion.

#### 1. The Plaintiff Failed to First Obtain an Entry of Default

The plaintiff's motion for default fails to follow the explicit procedural requirements of Federal Rule of Civil Procedure 55. Rule 55 sets forth a two-step process for a party seeking default judgment. A plaintiff must first obtain an entry of default from the clerk of the court, and then she may seek an entry of default judgment. FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also* 10A FED. PRAC. & PROC. CIV. 3d § 2682 (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").

By filing a motion for "entry of default and default judgment" the plaintiff attempts to lump the two steps into one. FED. R. CIV. P. 55. The plaintiff has not yet completed the first step of seeking an entry of default. This step, however, is the necessary predicate to a grant of default judgment against any defendant. *E.g.*, *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). As a result, the plaintiff brought her motion improperly, and the court declines the invitation to short-circuit the procedural requirements of the rule.

## 2. The Plaintiff Failed to Properly Serve the Defendant

Not only is the plaintiff's motion procedurally improper, it is also inappropriate because the defendant was not obligated to respond until the plaintiff effected proper service of process. A defendant has 20 days from service of the summons and complaint to respond. FED. R. CIV. PROC. 12(a)(1)(a). As the defendant points out, a plaintiff must serve the District of Columbia "by delivering a copy of the summons and of the complaint to its chief executive officer or . . . in the manner prescribed by the law of that state[.]" FED. R. CIV. P. 4(j)(2). D.C. law requires service of process on both the Mayor and the Attorney General. *See* D.C. Code § 11-943(c) (stating that the manner of service of process is prescribed by the rule of the court); *see also Dorsey v. Dist. of Columbia*, 839 A.2d 667, 668-69 (App. Ct. D.C. 2003) (stating that proper service on D.C. requires proof of service on both the Mayor and the Attorney General). The plaintiff originally served the Attorney General of the District of Columbia, and not the Mayor as the law requires. Bolden Aff., Dec. 22, 2005. The plaintiff, therefore, failed to properly serve the defendant until she served the summons and complaint on the Mayor of D.C. on January 6, 2006, the day after the defendant filed its opposition to the plaintiff's motion. Bolden Aff., Jan.

6, 2006. As a result, the plaintiff brought this motion for default judgment before the defendant's time to respond had expired, and default judgment is, therefore, improper.

### IV.   CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for entry of default judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th day of May, 2006.

RICARDO M. URBINA
United States District Judge
